Mrs. Charles M. Boerman, etc., Petitioner and Appellant, v. Heirs of Esther Bessie Boerman, Respondents and Appellees. Same v. Same.

Nos. 7060 and 7064. Argued November 22, 1935.—Decided May 8, 1936.

*Mariano Acosta Velarde* and *Federico Acosta Velarde* for respondents. *E. Ramos Antonini* for petitioner.

MR. JUSTICE WOLF delivered the opinion of the court.

After several extensions of time to file a brief, the appellant made a motion for an additional extension which was granted by the judge acting in vacation (*juez de turno*) with the admonition that appellant would be granted additional time only under special circumstances. On the 13th of September 1935, the appellant presented another motion for an extension and the acting judge granted it with the statement that it would be the last and final one.

Nothing was done for over a month after the expiration of this final extension. Then the appellees moved to dismiss the appeal for failure to file a brief. Counsel for appellant filed an answer wherein he alleged his own illness, that of a member of his family, and his being busily engaged as a member of the Legislature. Considering the length of time taken, we do not find that the excuses by themselves were sufficient to justify the delay.

There are two cases before us in each of which the same motion to dismiss has been made and the same excuses presented. In one of these cases the lower court ordered that the appellant be charged with $1,260 for rent of a rustic property which she had occupied. The argument on appeal is that she lived there as administratrix of the property, that the action had prescribed, and also presents other arguments in which she claimed that she was entitled to occupy the premises. We are not convinced that her appeal is not meri-

torious, especially as she was a person interested in the estate.

In the other appeal it transpires that the court refused to allow the appellant attorney's fees for defending her actions and accounts as administratrix. Again we are not convinced that the question raised is not meritorious.

We could hardly imagine a stronger case for dismissing an appeal for lack of a brief, but this court and other courts are disposed to be liberal when appellant actually presents his brief and it shows meritorious questions. Therefore, in the use of our discretion, not without considerable doubts, the motion to dismiss should be overruled.

The appellant filed an assignment of errors in the first case but in the brief presented only argued one of the assignments. At the hearing, therefore, we shall limit counsel to the argument of the error so discussed. In other words, at the said hearing, the issue before us should be limited to the right of the appellant to occupy a certain house without paying rent.

Motions to dismiss overruled.

Mr. Justice Travieso took no part in the decision of this case.